# EXHIBIT 5

# Coronavirus (COVID-19)

## Division of Corporation Finance
## Securities and Exchange Commission

## CF Disclosure Guidance: Topic No. 9

### Date: March 25, 2020

**Summary:** This guidance provides the Division of Corporation Finance's current views regarding disclosure and other securities law obligations that companies should consider with respect to the coronavirus disease 2019 (COVID-19) and related business and market disruptions.

**Supplemental Information:** The statements in this CF Disclosure Guidance represent the views of the Division of Corporation Finance. This guidance is not a rule, regulation or statement of the Securities and Exchange Commission. Further, the Commission has neither approved nor disapproved its content. This guidance, like all staff guidance, has no legal force or effect: it does not alter or amend applicable law, and it creates no new or additional obligations for any person.

## Introduction

The impact of COVID-19 on companies is evolving rapidly and its future effects are uncertain.  The Division is monitoring how companies are reporting the effects and risks of COVID-19 on their businesses, financial condition, and results of operations and is providing this guidance as companies prepare disclosure documents during this uncertain time.  The Commission and the staff have also provided targeted regulatory relief where appropriate in light of evolving circumstances.  We understand that reporting companies share the view that timely, robust, and complete information is essential to functioning markets and that they want to file periodic and current reports in a timely manner, notwithstanding the available relief.[1]

The Division encourages timely reporting while recognizing that it may be difficult to assess or predict with precision the broad effects of COVID-19 on industries or individual companies.  We also recognize that the actual impact will depend on many factors beyond a company's control and knowledge.  Nevertheless, the effects COVID-19 has had on a company, what management expects its future impact will be, how management is responding to evolving events, and how it is planning for COVID-19-related uncertainties can be material to investment and voting decisions.

Companies should consider the need for COVID-19-related disclosures within the context of the federal securities laws and our principles-based disclosure system.  The cornerstone of this system is disclosure of material information that is widely disseminated.  It is only with this type of disclosure that all investors can make informed decisions.  The Commission has made clear that its disclosure requirements can apply to a broad range of evolving business risks even in the absence of a specific line item requirement that names the particular risk presented.[2]  In addition, a number of existing rules or regulations require disclosure about the known or reasonably likely effects of and the types of risks presented by COVID-19.  As a result, disclosure of these risks and COVID-19-related effects may be necessary or appropriate in management's discussion and analysis, the

business section, risk factors, legal proceedings, disclosure controls and procedures, internal control over financial reporting, and the financial statements.

## Assessing and Disclosing the Evolving Impact of COVID-19

Assessing the evolving effects of COVID-19 and related risks will be a facts and circumstances analysis. Disclosure about these risks and effects, including how the company and management are responding to them, should be specific to a company's situation.  As companies assess COVID-19-related effects and consider their disclosure obligations, questions to consider with respect to their present and future operations include:

- How has COVID-19 impacted your financial condition and results of operations?  In light of changing trends and the overall economic outlook, how do you expect COVID-19 to impact your future operating results and near-and-long-term financial condition?  Do you expect that COVID-19 will impact future operations differently than how it affected the current period?

- How has COVID-19 impacted your capital and financial resources, including your overall liquidity position and outlook?  Has your cost of or access to capital and funding sources, such as revolving credit facilities or other sources changed, or is it reasonably likely to change?  Have your sources or uses of cash otherwise been materially impacted?  Is there a material uncertainty about your ongoing ability to meet the covenants of your credit agreements?  If a material liquidity deficiency has been identified, what course of action has the company taken or proposed to take to remedy the deficiency?  Consider the requirement to disclose known trends and uncertainties as it relates to your ability to service your debt or other financial obligations, access the debt markets, including commercial paper or other short-term financing arrangements, maturity mismatches between borrowing sources and the assets funded by those sources, changes in terms requested by counterparties, changes in the valuation of collateral, and counterparty or customer risk.[3]  Do you expect to disclose or incur any material COVID-19-related contingencies?

- How do you expect COVID-19 to affect assets on your balance sheet and your ability to timely account for those assets?  For example, will there be significant changes in judgments in determining the fair-value of assets measured in accordance with U.S GAAP or IFRS?

- Do you anticipate any material impairments (e.g., with respect to goodwill, intangible assets, long-lived assets, right of use assets, investment securities), increases in allowances for credit losses, restructuring charges, other expenses, or changes in accounting judgments that have had or are reasonably likely to have a material impact on your financial statements?

- Have COVID-19-related circumstances such as remote work arrangements adversely affected your ability to maintain operations, including financial reporting systems, internal control over financial reporting and disclosure controls and procedures?  If so, what changes in your controls have occurred during the current period that materially affect or are reasonably likely to materially affect your internal control over financial reporting?  What challenges do you anticipate in your ability to maintain these systems and controls?

- Have you experienced challenges in implementing your business continuity plans or do you foresee requiring material expenditures to do so?  Do you face any material resource constraints in implementing these plans?

- Do you expect COVID-19 to materially affect the demand for your products or services?

- Do you anticipate a material adverse impact of COVID-19 on your supply chain or the methods used to distribute your products or services?  Do you expect the anticipated impact of COVID-19 to materially change the relationship between costs and revenues?

- Will your operations be materially impacted by any constraints or other impacts on your human capital resources and productivity?

- Are travel restrictions and border closures expected to have a material impact on your ability to operate and achieve your business goals?

The above list is illustrative but not exhaustive and each company will need to carefully assess COVID-19's impact and related material disclosure obligations. The Division encourages disclosure that is tailored and provides material information about the impact of COVID-19 to investors and market participants. We also encourage companies to provide disclosures that allow investors to evaluate the current and expected impact of COVID-19 through the eyes of management, and that companies proactively revise and update disclosures as facts and circumstances change.

We also recognize that much of the disclosure that would address the types of considerations noted above would involve forward looking information that may be based on assumptions and expectations regarding future events. We remind companies that providing forward-looking information in an effort to keep investors informed about material developments, including known trends or uncertainties regarding COVID-19, can be undertaken in a way to avail companies of the safe harbors in Section 27A of the Securities Act and Section 21E of the Exchange Act for this information.

## Need to Refrain from Trading Prior to Dissemination of Material Non-Public Information

Companies and other related persons need to consider their market activities, including the issuance or purchase of securities, in light of their obligations under the federal securities laws. For example, where COVID-19 has affected a company in a way that would be material to investors or where a company has become aware of a risk related to COVID-19 that would be material to investors, the company, its directors and officers, and other corporate insiders who are aware of these matters should refrain from trading in the company's securities until such information is disclosed to the public.

When companies disclose material information related to the impacts of COVID-19, they are reminded to take the necessary steps to avoid selective disclosures by disseminating such information broadly to the public.[4] Depending on a company's particular circumstances, it should consider whether it may need to revisit, refresh, or update previous disclosure to the extent that the information becomes materially inaccurate.

## Reporting Earnings and Financial Results

Although not required to do so, companies often release earnings estimates and other financial results in advance of finalizing the required financial reporting for the relevant period. We understand that companies may be considering how to report the evolving impact of COVID-19 in light of unexpected nonrecurring charges and expenses. We also recognize that the impact of COVID-19 on businesses may present a number of novel or complex accounting issues that, depending on the particular facts and circumstances, may take time to resolve.

The ongoing and evolving COVID-19 impact will likely make it more difficult for companies and their auditors to complete the work required to maintain timely filings and we encourage companies to proactively address financial reporting matters earlier than usual. For example, to the extent a company or its auditors will need to consult with experts to determine how the evolving COVID-19 situation may impact its assets, including impairment of goodwill or other assets, it should consider engaging with those experts promptly so that its reporting remains as timely as possible, as well as complete and accurate.

We also remind companies of their obligations under Item 10 of Regulation S-K[5] and Regulation G[6] with respect to the presentation of non-GAAP financial measures, as well as the Commission's recent guidance with respect to performance metrics disclosure.[7] To the extent a company presents a non-GAAP financial measure or performance metric to adjust for or explain the impact of COVID-19, it would be appropriate to highlight why management finds the measure or metric useful and how it helps investors assess the impact of COVID-19 on the company's financial position and results of operations.

We understand that there may be instances where a GAAP financial measure is not available at the time of the earnings release because the measure may be impacted by COVID-19-related adjustments that may require additional information and analysis to complete. In these situations, the Division would not object to companies

reconciling a non-GAAP financial measure to preliminary GAAP results that either include provisional amount(s) based on a reasonable estimate, or a range of reasonably estimable GAAP results. For example, under this position, if a company intends to disclose on an earnings call its earnings before interest, taxes, depreciation and amortization (EBITDA), it could reconcile that measure to either its GAAP earnings, a reasonable estimate of its GAAP earnings that includes a provisional amount, or its reasonable estimate of a range of GAAP earnings. The provisional amount or range should reflect a reasonable estimate of COVID-19 related charges not yet finalized, such as impairment charges. A non-GAAP financial measure should not be disclosed more prominently than the most directly comparable GAAP financial measure or range of GAAP measures. In addition, in filings where GAAP financial statements are required, such as filings on Form 10-K or 10-Q, companies should reconcile to GAAP results and not include provisional amounts or a range of estimated results.

In addition, if a company presents non-GAAP financial measures that are reconciled to provisional amount(s) or an estimated range of GAAP financial measures in reliance on the above position, it should limit the measures in its presentation to those non-GAAP financial measures it is using to report financial results to the Board of Directors. We remind companies that we do not believe it is appropriate for a company to present non-GAAP financial measures or metrics for the sole purpose of presenting a more favorable view of the company. Rather we believe companies should use non-GAAP financial measures and performance metrics for the purpose of sharing with investors how management and the Board are analyzing the current and potential impact of COVID-19 on the company's financial condition and operating results. If a company presents non-GAAP financial measures that are reconciled to provisional amount(s) or an estimated range of GAAP financial measures, it should explain, to the extent practicable, why the line item(s) or accounting is incomplete, and what additional information or analysis may be needed to complete the accounting.

We similarly understand that companies may consider presenting metrics related to COVID-19, or changing the method by which it calculates a metric as a result of COVID-19. In these cases, we remind companies of the principles explained in recent Commission guidance related to metrics.[8]

## Additional Guidance

We acknowledge that many companies are facing operational and other challenges as a result of COVID-19 and that this guidance does not address all disclosure considerations relating to the impact of COVID-19. We also want to emphasize our message that health and safety are the first priority and that, as the Commission's relief and staff guidance makes clear, they should not be compromised to meet reporting requirements. As events evolve, we will provide additional guidance, if appropriate. Companies and their representatives should contact us with questions or if they believe there are additional areas where guidance or temporary relief may be necessary.

Please continue to submit questions or seek guidance on other topics by completing an online form and directing it to the appropriate office and continue to submit requests for no-action, interpretive, or exemptive letters by online form. Please continue to submit requests for interpretation or waiver of financial statements to DCAOLetters@sec.gov.

Follow this guidance if you are not sure who you should contact about a matter. If you require general assistance or are not able to contact a Division of Corporation Finance staff member about a pending matter, please submit your request for assistance and contact information to CFEmergency@sec.gov.

[1] Order Modifying Exemptions from the Reporting and Proxy Delivery Requirements for Public Companies, (March 25, 2020).

[2] For example, the Commission has highlighted that although no existing disclosure requirement specifically refers to cybersecurity risks and cyber incidents, a number of requirements may impose an obligation on companies to disclose such risks and incidents. See Commission Statement and Guidance on Public Company Cybersecurity Disclosures, Release No. 33-10459 (Feb. 26, 2018), available at https://www.sec.gov/rules/interp/2018/33-10459.pdf.

[3] See Commission Guidance on Presentation of Liquidity and Capital Resources Disclosures in Management's Discussion and Analysis, SEC Release No. 33-9144 (Sept. 28, 2010), available at https://www.sec.gov/rules/interp/2010/33-9144.pdf.

[4] See Regulation FD 17 CFR 243.100 et seq.  Although foreign private issuers are not subject to Regulation FD, they are required to make timely disclosures of material information pursuant to SRO rules and policies, and their disclosure practices remain subject to liability for conduct that violates the antifraud provisions of the federal securities laws.  See Selective Disclosure and Insider Trading, Release No. 33-7881 (Aug. 15, 2000).

[5] 17 CFR 229.10.

[6] 17 CFR 244.100.  For additional guidance, please see Division of Corporation Finance Non-GAAP Financial Measures Compliance and Disclosure Interpretations, available at https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm.

[7] Commission Guidance on Management's Discussion and Analysis of Financial Condition and Results of Operations, Release No. 33-10751 (Jan. 30, 2020), available at https://www.sec.gov/rules/interp/2020/33-10751.pdf.

[8] See supra note 7.

*Modified: March 25, 2020*