**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KATHERINE WANDEL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>JING GAO, DEREK BOYANG SHEN, YAN CUI, WENBIAO LI, ERHAI LIU, XIAN CHEN, WILLIAM WANG, GANG JI, EDWIN FUNG, JIANPING YE, JASON ZHENG ZHANG, CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, J.P. MORGAN SECURITIES LLC, TIGER BROKERS (NZ) LIMITED, US TIGER SECURITIES, INC., COGENCY GLOBAL INC., RICHARD ARTHUR and PHOENIX TREE HOLDINGS LIMITED,<br><br>Defendants. | Civil Action No. 1:20-cv-03259-PAC |

**THE COGENCY DEFENDANTS' JOINDER IN THE UNDERWRITER DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

K&L GATES LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 536-3900

*Attorneys for Defendants*
*Cogency Global Inc. and Richard Arthur*

Defendants Cogency Global Inc. and Richard Arthur (together, the "Cogency Defendants"), by and through their undersigned counsel, hereby join in the Motion to Dismiss the Amended Class Action Complaint (the "Motion to Dismiss") filed by Defendants Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, J.P. Morgan Securities LLC, Tiger Brokers (NZ) Limited, and US Tiger Securities, Inc. (collectively, the "Underwriter Defendants") on May 3, 2021.  The Cogency Defendants expressly join in, adopt and incorporate by reference herein all of the arguments and authorities set forth in the Underwriter Defendants' Memorandum of Law in Support of their Motion to Dismiss and respectfully request that the Court dismiss the Amended Class Action Complaint (the "Amended Complaint") with prejudice.

Additionally, the claims asserted against Mr. Arthur should be dismissed because he did not sign the Registration Statement in his personal capacity but as an employee of Cogency Global.  Indeed, the Amended Complaint concedes that "Cogency Global . . . was Phoenix's Authorized U.S. Representative for the IPO" and that Mr. Arthur "signed the Offering Materials as an employee of Cogency Global."  (Am. Compl. ¶ 26; *see* Am. Compl. ¶ 189 ("The Company controlled . . . Cogency Global, which it employed as its U.S. representative in connection with the IPO and otherwise.  Cogency Global, through defendant Arthur, executed the Offering Materials on behalf of Phoenix at its direction . . . .").  Elsewhere, the Amended Complaint acknowledges that Mr. Arthur was not a director or senior officer of Phoenix and therefore was not a "control person" of Phoenix.  (*Id.* ¶ 190.)  In light of the Amended Complaint's allegations, there is no basis whatsoever under which to hold Mr. Arthur personally liable for any of Plaintiff's claims.  As the Registration Statement makes clear, it is Cogency Global, not Mr. Arthur personally, that was Phoenix Tree's duly authorized representative in the United States and signed the Registration Statement.  (Declaration of Joanna A. Diakos in Support of Motion

1

to Dismiss ("Diakos Decl.") ¶ 3, Exhibit A at II-10) (identifying Cogency Global as Phoenix Tree's authorized representative in the United States pursuant to the Securities Act of 1933). Accordingly, Plaintiff's claims against Mr. Arthur as an individual defendant are without merit and should be dismissed with prejudice.

Further, Plaintiff's Section 12(a)(2) claim against the Cogency Defendants should be dismissed because they have not plead any facts demonstrating that the Cogency Defendants were statutory sellers subject to Section 12(a)(2) liability.  Section 12(a)(2) imposes liability only on a defendant who actually "offers or sells a security" to plaintiff.  15 U.S.C. § 771(a)(2); *see, e.g., In re Weight Watchers Int'l Sec. Litig.*, No. 19-cv-2005, 2020 WL 7029134, at *7 (S.D.N.Y. Nov. 30, 2020) (dismissing Section 12(a)(2) claim against private equity firm where plaintiffs did not allege that it actively or directly marketed the securities).  "A defendant is a statutory seller if it (1) 'passed title, or other interest in the security, to the buyer for value,' or (2) 'successfully solicit[ed] the purchase [of a security], motivated at least in part by a desire to serve his own financial interests or those of the securities owner.'"  *In re Weight Watchers Int'l Sec. Litig.,* 2020 WL 7029134, at *7 (quoting *Pinter v. Dahl,* 486 U.S. 622, 648-50 (1988)).  Numerous courts in this district have held that the mere act of signing the Registration Statement is not sufficient to expose oneself to liability as a statutory seller.  *See, e.g., Yi Xiang v. Inovalon Holdings, Inc.*, 254 F. Supp. 3d 635, 646 (S.D.N.Y 2017) (dismissing Section 12 claim as to the individual defendants who were alleged to have signed the registration statement); *In re Am Realty Capital Properties, Inc., Litig.*, No. 15 MC 40, 2015 WL 6869337, at *3 (S.D.N.Y. Nov. 6, 2015) (dismissing Section 12(a)(2) claims for complaint's failure to allege that the director defendants solicited securities); *In re OSC Sec. Litig.*, 971 F. Supp. 2d 387 (S.D.N.Y. 2013) (noting that although prior to 2010, the Southern District courts held that signing a registration

statement constitutes solicitation, more recent cases from this district, including *Citiline*, and several Court of Appeals, have all held that merely signing the registration statement does not constitute solicitation); *City of Wetland Police & Fire Ret. Sys. v. Metlife, Inc.,* 928 F. Supp. 2d 705, 719-720 (S.D.N.Y. 2013); *Citiline Holdings, Inc. v. iStar Fin., Inc.*, 701 F. Supp. 2d 506, 512 (S.D.N.Y. 2010) (holding that "an individual[] signing a registration does not itself suffice as solicitation under Section 12(a)(2)" and dismissing claims against individual defendants). Further, "[e]very Court of Appeals to have considered this issue . . . has held that an individual's signing a registration statement does not itself suffice as solicitation under Section 12(a)(2)." *Citiline Holdings, Inc.*, 701 F. Supp. 2d at 511 (collecting cases).

Here, the Amended Complaint does not allege any facts that the Cogency Defendants passed title to any shares sold in the IPO or that they actively solicited the sale of shares to anyone. Conclusory assertions are insufficient. Nor could Plaintiffs make such factual allegations against the Cogency Defendants given the limited role that Cogency Global served as the duly authorized representation under Section 6(a) of the Securities Act.

3

**CONCLUSION**

For all of these reasons and those set forth in the Underwriter Defendants' Motion to Dismiss, the Cogency Defendants respectfully request that the Amended Complaint be dismissed with prejudice.

Dated:  May 3, 2021

Respectfully submitted,

K&L GATES LLP

By: /s/ *Joanna A. Diakos*

    Joanna A. Diakos, Esq.
    K&L Gates LLP
    599 Lexington Avenue
    New York, New York 10022
    Tel.:  (212) 536-3900
    Fax:  (212) 536-3901
    Email:  joanna.diakos@klgates.com


*Attorneys for Defendants Cogency Global*
*Inc. and Richard Arthur*

4