UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHERINE WANDEL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>JING GAO, DEREK BOYANG SHEN, YAN CUI, WENBIAO LI, ERHAI LIU, XIAN CHEN, WILLIAM WANG, GANG JI, EDWIN FUNG, JIANPING YE, JASON ZHENG ZHANG, CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, J.P. MORGAN SECURITIES LLC, TIGER BROKERS (NZ) LIMITED, US TIGER SECURITIES, INC., COGENCY GLOBAL INC., RICHARD ARTHUR and PHOENIX TREE HOLDINGS LIMITED,<br><br>Defendants, | 1:20-cv-03259-PAC |

---

**DEFENDANT WENBIAO LI'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO SET ASIDE THE DEFAULT**

---

Dated:  June 4, 2021

FELICELLO LAW P.C.

By:  Michael James Maloney, Esq.
366 Madison Avenue, 3rd Floor
New York, NY 10017
Tel. +1 (646) 564-3510
mmaloney@felicellolaw.com
*Attorneys for*
*Defendant Wenbiao Li*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES................................................................................................ ii

Preliminary Statement...................................................................................................1

Relevant Facts...............................................................................................................2

Argument        ...............................................................................................................3

I.        Li Did Not Act Willfully in Failing Timely to Respond to the Complaint ..............5

II.       Li has Meritorious Defenses to the Defaulted Claims ...........................................6

III.      Plaintiff Will Suffer No Prejudice if the Li Default is Set Aside ...........................6

Conclusion      ...............................................................................................................7

## TABLE OF AUTHORITIES

**Cases**

*Byrnes v. Yeats Constr. Mgmt.*, No. 12 CV 05355 (NSR)(LMS), 2017 U.S. Dist. LEXIS 147294 (S.D.N.Y. Sep. 11, 2017) ...................................................................................7

*Enron Oil Corp. v. Diakuhara,* 10 F.3d 90 (2d Cir. 1993) ...................................................4

*Gunnells v. Teutul*, 469 F. Supp. 3d 100 (S.D.N.Y. 2020) ..................................................7

*Hawthorne v Citicorp Data Sys.*, 219 FRD 47 (E.D.N.Y. 2003) ........................................5

*Johnson v. NY Univ.,* 324 FRD 65 (S.D.N.Y. 2018) .............................................................6

*Murphy Bros. v Michetti Pipe Stringing*, 526 US 344 (1999) ............................................4

*New Falls Corp. v Soni Holdings, LLC*, 2020 US Dist LEXIS 83499 (E.D.N.Y. May 8, 2020, No. CV 19-0449 (ADS) (AKT)) .....................................................................................4

*Peoples v. Fisher*, 299 F.R.D. 56 (W.D.N.Y. 2014)...........................................................3, 4

*Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508 (2d Cir. 2001)................................................3

*Sartor v. Toussaint*, 70 F App'x 11 (2d Cir 2002)...........................................................5, 6

*SEC v McNulty*, 137 F3d 732 (2d Cir. 1998) .......................................................................5


 **Rules**

Fed. R. Civ. P. 55(c)...............................................................................................................4

Defendant Wenbiao Li ("Li"), by and through his undersigned counsel, hereby submits this memorandum of law, together with his declaration dated June 2, 2021 ("Li Decl."), in support of his motion to set aside the clerk's default entered against him on May 24, 2021 [ECF Doc. 67] ("Clerk's Certificate of Default").  For the reasons stated below, this Court should vacate the default.

**PRELIMINARY STATEMENT**

It is proper for the Court to vacate entry of a default where service of process was defective. Here, Plaintiff claims to have personally served Li at a California residential address, by depositing service with an individual who answered the door. But this attempted service was not effective. Li has not lived in California since 2007. He resides in the People's Republic of China, not the United States. Nor does Li continue to have any connection with the home where he was purportedly served, which is owned by his ex-wife, with whom he does not maintain regular contact.

Because the purported service on Li was not effective, this Court lacks any personal jurisdiction over Li and must vacate the entry of default.

Moreover, additional "good cause" exists to vacate the entry of default here. Li has not acted willfully to default on the Complaint. In contrast, he has diligently retained U.S. counsel to represent him to vacate the default as soon as he learned of it. Li has meritorious defenses to the asserted claims, similar to those set forth in the *sub judice* motions to dismiss submitted by the other defendants. And vacating the entry of default here will not cause Plaintiff undue prejudice. Discovery has not started and the motions to dismiss are currently being briefed.

The Court should grant Li's request to vacate the entry of default.

## RELEVANT FACTS

Plaintiff Katherine Wandel (individually and on behalf of all others similarly situated) ("Plaintiff") brought this securities action against Li and other defendants on April 24, 2020 [Doc. 1].  The court issued a summons to Li on April 27, 2020 [Doc. 4].

On May 21, 2021, Plaintiff filed a proposed clerk's certificate of default against Li for failure to answer or otherwise move with respect to the Complaint [Doc. 64], together with an attorney's declaration (the "Stone Decl." [Doc. 65]). The Stone Declaration asserts that Li was served on December 28, 2020 by personal service at a personal residence located at 38810 Litchfield Circle, Fremont CA 94356. [Doc. 65, 65-1.] The Stone Declaration further states that Plaintiff's counsel filed an affidavit of reasonable diligence on January 12, 2021, and that Li's time to answer the complaint expired on January 29, 2021. *Id.* at ¶ 5.[1] On May 24, 2021, the Clerk of the United States Court for the Southern District of New York noted Li's default [Doc. 67].

Li does not live at the residence located at 38810 Litchfield Circle, Fremont CA 94356. *See* Li Decl. at ¶¶ 6,7. He resides in the People's Republic of China, not the United States, and has not resided in the United States since 2008 at the latest. *Id.* at ¶ 9. Li was not served with process by personal service at 38810 Litchfield Circle, Fremont CA 94356, nor anywhere else. Id. at ¶ 5.

Li only recently learned of the lawsuit and the default. *See* Li Decl. ¶ 2. Before 2007, Li resided at 38810 Litchfield Circle in Fremont, California (the "California

---

[1] On January 15, 2021, Plaintiff filed an Amended Complaint [Doc. 32] and the court issued a summons to Li on January 20, 2021 [Doc. 35].  There is no dispute that the Amended Complaint and summons has not been served on Li.

Address") with his then-wife. *Id.* at ¶¶ 6, 7, 8. Li and his ex-wife divorced in 2007 and his ex-wife obtained the California Address as part of the couple's divorce. *Id.* at ¶¶ 10 Ex B. Li has not resided at or visited the California Address since the couple's divorce in 2007. *Id.* at ¶ 9.

Li was not served personally with papers at the California Address and no one there had any authority to accept service of process for Li. *Id.* at 6-10. And, based on the description of the individual to whom the process server gave the original summons and complaint, an "Asian female of 70 years of age," the person "served" was not Li's ex-wife. *Id.* at ¶¶ 11, 4. Because Li was never served with any of the papers in this action, Li respectfully requests that the default entered against him be vacated.

## ARGUMENT

The Court should vacate the entry of a default here in favor of resolving this dispute on the merits. *Peoples v. Fisher*, 299 F.R.D. 56, 58 (W.D.N.Y. 2014) (finding that courts have a "preference for resolving disputes on the merits") (citing *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001)). Courts disfavor defaults, reserving them for "rare occasions" not present here. *Id.* (citation omitted). In evaluating a motion seeking relief from an entry of default, "all doubts must be resolved in favor of the party seeking relief . . . in order to ensure that, to the extent possible, disputes are resolved on their merits." *Id.* (citation omitted). Where, as here, there has been a certificate of default entered by the clerk, but no default judgment, the District Court decides the motion to vacate the entry of default pursuant to Fed. R. Civ. P. 55(c), applying the same "good cause" factors as in Rule 60(b) motions. *Id.* (citing *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir. 1993)). "[W]hen doubt exists as to whether

3

a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *New Falls Corp. v Soni Holdings, LLC*, 2020 US Dist LEXIS 83499, at \*9 (E.D.N.Y. May 8, 2020, No. CV 19-0449 (ADS) (AKT)) (*Enron Oil Corp.*, 10 F.3d at 96).

In determining whether good cause exists, District Courts must consider three factors: (1) the willfulness of the default; (2) the existence of a meritorious defense to the defaulted claims; and (3) prejudice to the non-defaulting party should relief be granted. *Peoples v. Fisher*, 299 F.R.D. at 59. Here, each of the good cause factors favors Li.

But even more fundamentally, the entry of default must be set aside here because Li has not been served with process. As a result, this Court lacks personal jurisdiction over Li and cannot enter a default judgment against him. *See Murphy Bros. v Michetti Pipe Stringing*, 526 US 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."); *Sartor v. Toussaint*, 70 F App'x 11, 13 (2d Cir 2002) (finding that where there is defective service, the court is compelled to grant a motion to vacate a default judgment) (internal citations omitted); *Hawthorne v Citicorp Data Sys.*, 219 FRD 47, 49 (E.D.N.Y. 2003) (finding that a default judgment obtained by defective service is void and must be set aside) (internal citations omitted).

The Court should, therefore, set aside the default.

4

## I.    LI DID NOT ACT WILLFULLY IN FAILING TIMELY TO RESPOND TO THE COMPLAINT

Where, as here, defendant was not duly served with the Complaint, his failure to respond cannot be willful, which requires something more than mere negligence or mistake. *SEC v McNulty*, 137 F3d 732, 738 (2d Cir. 1998). Li was not served with the papers in this action. He does not reside in the United States and has not since 2008. Plaintiff did not engage the Hague Convention's protocols to serve Li. Instead, Plaintiff attempted to serve Li at his prior address, the California Address, from 2007, where he has not resided for more than a decade.  Li Decl. ¶¶ 6-10. Li has not resided or visited the California Address since his divorce from his ex-wife in 2007. *Id.* In 2008, he permanently moved to the People's Republic of China, where he currently resides. *Id.* Li did not receive notice of the substituted service from the person who was served at that address. Because he did not receive any papers related to this litigation and did not know of the litigation, Li did not respond to the summonses, complaint, or amended complaint. His failure to respond was not willful – it was because he was never served and had no notice. *Sartor v. Toussaint*, 70 F App'x at 13.  In fact, promptly after learning of the default entered against him by the clerk, Li engaged U.S. counsel to seek relief from the default. Li's motion is being filed within two weeks of the entry of default. In accordance with Second Circuit precedent, Li's "prompt application for a motion to set aside an entry of default suggests that the default was not willful." *Johnson v. NY Univ.*, 324 FRD 65, 70 (S.D.N.Y. 2018).

5

## II.    LI HAS MERITORIOUS DEFENSES TO THE DEFAULTED CLAIMS

Li served as a director to the corporate defendant during the time period referenced in the complaint and amended complaint. As a former director, Li has meritorious defenses to the claims asserted against him, the other directors, and the other defendants. Li intends to assert some of same defenses as other defendants have asserted in their motions to dismiss, and will likely join in those *sub judice* motions to the extent the arguments apply to him. *See* Doc. 56 (FRCP 12(b)(6) motion by Defendants Citigroup Global Markets Inc., Credit Suisse Securities (USAA) LLC, J.P. Morgan Securities, LLC, Tiger Brokers (N) Limited, and US Tiger Securities, Inc.). For example, as the US-based defendants have argued in their motions to dismiss, Plaintiff failed to allege an actionable misstatement or omission and the complaint itself demonstrates negative causation that should be dispositive here. Li hereby adopts those arguments for the purpose of the instant motion and will submit his own motion to dismiss if permitted by the Court.

## III.   PLAINTIFF WILL SUFFER NO PREJUDICE IF THE LI DEFAULT IS SET ASIDE

Finally, Plaintiff (or the class of individuals she claims to represent) will not be harmed if the District Court sets aside the default against Li. First, a vacatur here will not add further delay to the litigation. Currently, several defendants have filed and briefed dispositive motions that are currently being briefed. Because of the pendency of those motions, discovery has not yet begun. Second, even if a vacatur here introduces some delay, as Li would file his own motion to dismiss assuming the default is vacated, "delay alone if not a sufficient basis for establishing prejudice." *E.g., Byrnes v. Yeats*

6

*Constr. Mgmt.*, No. 12 CV 05355 (NSR)(LMS), 2017 U.S. Dist. LEXIS 147294, at *7

(S.D.N.Y. Sep. 11, 2017) (granting vacatur of default). There will be (and has been) no

loss of evidence, nor any "increased difficulties of discovery," nor "greater opportunities

for fraud." *See Gunnells v. Teutul*, 469 F. Supp. 3d 100 (S.D.N.Y. 2020) (granting

vacatur of default).

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should set aside the default entered

against Li on May 24, 2021.

Respectfully submitted,

Dated:  June 4, 2021                    FELICELLO LAW P.C.

By:    */s/ Michael James Maloney*
          Michael James Maloney, Esq.
          366 Madison Avenue, 3rd Floor
          New York, NY 10017
          Tel. +1 (646) 564-3510
          mmaloney@felicellolaw.com
          *Counsel for Defendant Wenbiao Li*

7
