| | |
|---|---|
| KATHERINE WANDEL, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br>     v.<br><br>JING GAO, DEREK BOYANG SHEN, YAN CUI, WENBIAO LI, ERHAI LIU, XIAN CHEN, WILLIAM WANG, GANG JI, EDWIN FUNG, JIANPING YE, JASON ZHENG ZHANG, CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, J.P. MORGAN SECURITIES LLC, TIGER BROKERS (NZ) LIMITED, US TIGER SECURITIES, INC., COGENCY GLOBAL INC., RICHARD ARTHUR and PHOENIX TREE HOLDINGS LIMITED,<br><br>                    Defendants, | 1:20-cv-03259-PAC |

## DEFENDANT WENBIAO LI'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION TO SET ASIDE THE DEFAULT

Unhappy that Defendant Wenbiao Li ("Li") would not consent to being served through his US counsel, Plaintiffs have put forth baseless reasons to avoid the setting aside of their ill-gotten default against Li. The Court should set aside the May 24, 2021 default because Li was not properly served, meaning the Court has no jurisdiction to enter a default. Alternatively, under Fed. R. Civ. P. 55(c), the Court should vacate the default because good cause exists.

### I.     Li Was Not Properly Served, Leaving the Court Without Jurisdiction

Plaintiffs know that Li resides in the People's Republic of China (the "PRC"). In the Amended Complaint, they claim that Li was a director of two China-based companies. *See* Am. Compl. ¶¶ 18, 14 (Docket No. 32). Indeed, Plaintiffs' theory of liability rests entirely on the fact that Li is a resident of the PRC. *See* Pls.' Mem. of Law in Opp'n to Def. Li's Mot. to Set Aside Default 7 ("Opp. MOL")(Docket No. 72) (arguing that Li has no defense to this litigation because

he lived in China "when COVID-19 was sweeping through Wuhan and the surrounding regions."). Plaintiffs claim that Li's "presence in China" gave him "unique knowledge and access to information about conditions on the ground there during the IPO" shows that Plaintiffs and their counsel have known all along that Li resides in the PRC, not California. *See id.*

Plaintiffs present no evidence showing that Li resides, dwells, or does business at the California Address. *See* Decl. of Joseph Russello in Opp'n to Mot. to Vacate Default (Docket No. 73); Opp. MOL. Rather, they claim only to have discovered Li's "affiliation" with the California Address. Opp. MOL 4. Affiliation is not what is required under the law. New York's and California's substituted service statutes require the same thing: the actual dwelling, abode, or place of business of the person to be served. *See* Fed. R. Civ. Pro. 4(e)(1); NY CPLR 308(2); Cal. Code Civ. Pro. 415.20. New York law requires service "at the actual place of business, dwelling place or usual place of abode of the person to be served," while California law allows substituted service at those locations plus the person's usual mailing address." N.Y. C.P.L.R. 308(2); Cal. Code Civ. Pro. 415.20. Plaintiffs' attempt to serve Li in the United States – when they know that he is in the PRC – is a blatant attempt to avoid complying with due process protections and international conventions.

Substituted service on an individual residing at a home where a defendant has not lived for more than a decade and with which a defendant has had no connection for at least seven years is not proper under U.S. law. As Li's declaration demonstrates (and Plaintiffs provide no contrary evidence), Li transferred the property at the California Address to his ex-wife as part of their divorce settlement. Decl. of Wenbiao Li in Support of Mot. to Vacate Default ¶¶ 7-10 ("Li Decl.") (Docket No. 70). Indeed, the deed was executed at the U.S. Embassy in Beijing, China, because Li had already moved to China. *See* Li. Decl., Ex. B (Docket No. 70-2). The California Address is

not Li's place of business, dwelling place, or usual place of abode, meaning the claimed substituted service is invalid under New York and California law. *See, e.g.*, *Long v. McAfee*, No. 1:19-cv-00898-DAD-SAB, 2019 U.S. Dist. LEXIS 185432, *39, 2019 WL 5536228 (E.D. Cal. Oct. 24, 2019) (rejecting claimed substituted service under California law offered in support of motion for default judgment); *Zirbes v. Stratton*, 187 Cal. App. 3d 1407, 1417 (App. Ct. 1986) (rejecting substituted service at estranged spouse's residence under California law); *Alexander v. Tao Constr. Co.*, 2013 N.Y. Misc. LEXIS 2117, *8, 2013 N.Y. Slip Op. 31074(U), 7 (N.Y. Cty. Sup. Ct. May 6, 2013) (substituted service via apartment in New York not allowed where apartment was not "the actual residence at the time of delivery" and therefore not "proper 'dwelling place or usual place of abode'" under the CPLR).

A judgment is "void for lack of personal jurisdiction over the defendant where service of process was not properly effected." *Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84-87 (1988); *Velez v. Vassallo*, 203 F. Supp. 2d 312, 317-18 (S.D.N.Y. 2002)). Plaintiffs' half-hearted arguments about actual notice are inapposite because actual notice cannot "cure a failure to comply with the statutory requirements for serving process." *Id.* (citing *Raschel v. Rish*, 69 N.Y.2d 694 (1986); *Martin v. N.Y. State Dep't of Mental Hygiene*, 588 F.2d 371, 373 (2d Cir. 1978); *Reed Holdings Inc. v. O.P.C. Corp.*, 122 F.R.D. 441, 443-44 (S.D.N.Y. 1988)). Because Li was not properly served, the Court does not have jurisdiction to enter a default against him and must vacate the default.

## II. Good Cause Exists to Set Aside the Default

The Court may set aside a default where good cause exists. Fed. R. Civ. P. 55(c). Good cause looks at several questions, namely: Was the default willful? Does the defendant have meritorious defenses? Will the Plaintiff suffer prejudice if the default is vacated? *See Enron Oil*

*Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). The answers here – no; yes; no – mean that the Court should set aside the default against Li.

### a. Li Did Not Willfully or Deliberately Default

Plaintiffs assert that Li's default was willful because Li must have received notice of this litigation when it was filed. Li did not. As he states in his June 2, 2021 declaration, Li learned of this action shortly after the default against him personally was entered on the docket in May 2021. Li Decl. ¶ 2. He did not have knowledge of the action before then. *Id.* Li did not receive any documents from the so-called "substituted service" at the California Address in or around December 2020 or January 2021. *Id.* ¶ 5. Within one month of learning of the default, Li engaged US counsel and filed the instant motion to set aside the default. *See Johnson v. N.Y. Univ.*, 324 F.R.D. 65, 70 (S.D.N.Y. 2018) ( "[The] prompt application for a motion to set aside an entry of default suggests that the default was not willful.") (internal citation omitted).

Snarky commentary aside, Plaintiffs present no evidence that Li willfully ignored that this action had been commenced and was pending. The Company made no disclosure about the pendency of the action. Counsel that appeared for the Company in the action, Latham & Watkins, withdrew after several months of "limited work for Phoenix Tree" due to difficulties communicating with their client. Decl. of Jason C. Hegt in Support of Mot. for Leave to Withdraw ¶ 2 (Docket No. 40). Plaintiffs make no assertion that either the Company or its counsel informed Li or Phoenix Tree's other directors that this action had been commenced and that the directors were named personally. The reasonable inference from Lathan's withdrawal papers is that if Phoenix Tree was not communicating with its counsel about this action, then Phoenix Tree was not communicating with its directors either. (It also bears reminder that the supposed "notice" to Li was during the height of the global Covid-19 pandemic, which has not only dominated world events and news, but caused more than 3.5 million deaths worldwide.)

### b. Li Has Meritorious Defenses

Plaintiffs' arguments in their opposition are an attempt to use the so-called "merits" to sustain a default judgment. The merits are what the Court should look to in resolving this litigation, not a default mechanism. *Enron*, 10 F.3d at 97 (vacating default) ("[D]efaults . . . are particularly disfavored by the law when substantial rights are implicated, or when substantial sums of money are demanded.") (internal citations omitted).

As set forth in the pending motions to dismiss, there are numerous meritorious defenses on the merits, and Li intends to join in those defenses if Plaintiffs effect service of process in accordance with the law and continue to press claims against him personally. *See* Mem. of Law in Support of the Underwriters' Mot. to Dismiss Pls.' Am. Compl. ("Underwriters MOL") (Docket No. 56); The Cogency Defs.' Joinder in the Underwriter Defs.' Mot. to Dismiss Pls.' Am. Compl. ("Cogency MOL") (Docket No. 61). Li's residence in China has nothing to do with those defenses, notwithstanding Plaintiffs' contention that because Li was physically present in China when the Covid-19 pandemic began, his arguments to dismiss the complaint must be different from those of other defendants. Opp. MOL 7. Plaintiffs will have the opportunity to "explore the contours of Li's purported defenses" when Li files his motion. *See id.* at 8.

### c. Plaintiffs Will Not Suffer Prejudice

Discovery has not commenced. The Court has undecided motions to dismiss pending. Underwriters MOL; Cogency MOL. And the Court has ordered the Company's former counsel to retain documents in aid of future discovery. Memo Endorsement on Pls.' Mem. of Law Regarding Latham & Watkins LLP's Mot. to Withdraw (Docket No. 47). Nothing about the current procedural posture would pose any prejudice to Plaintiffs if the default against Li is set aside.

### CONCLUSION

Li respectfully asks the Court to vacate the default entered against him on May 24, 2021.

Respectfully submitted,

Dated: June 25, 2021                          FELICELLO LAW P.C.


By: /s/ Michael James Maloney
    Michael James Maloney, Esq.
    366 Madison Avenue, 3rd Floor
    New York, NY 10017
    Tel. +1 (646) 564-3510
    *Counsel for Defendant Wenbiao Li*