# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Qudian Inc. Securities Litigation | Master File No. 1:17-cv-09741-RA |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT DIANA ARIAS' JOINDER IN QUDIAN INC., QUFENQI HOLDING LIMITED, AND UNDERWRITERS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT**

Lead Plaintiffs Alan B. Hertz and the Alan Hertz Family 2012 Trust and additional plaintiff Darwin Sutanto (collectively, "Plaintiffs") hereby submit this separate memorandum of law in response to Defendant Diana Arias's Joinder (ECF No. 145, the "Arias Joinder") in Defendants Qudian Inc. and Qufenqi Holding Limited's Motion to Dismiss Plaintiffs' Consolidated Second Amended Class Action Complaint (ECF Nos. 142-43).

## I.    INTRODUCTION

Defendant Diana Arias ("Arias") signed the Registration Statement as Qudian's authorized United States representative at the time of the IPO.  ¶ 26.[1]  As Qudian's authorized representative and signatory to the Registration Statement, Arias is liable under the Securities Act of 1933 (the "Securities Act").

---

[1] All references to ¶__ refer to Plaintiffs' Consolidated Second Amended Class Action Complaint ("Complaint") (ECF No. 134).

1

## II.   ARIAS IS LIABLE UNDER SECTION 11 AS A SIGNATORY OF QUDIAN'S REGISTRATION STATEMENT

Qudian's Registration Statement is governed by Section 6(a) of the Securities Act, which requires that when an issuer of securities is a "foreign or territorial person," its registration statement must be signed "by its duly authorized representative in the United States."  15 U.S.C. § 77f(a).  Section 11(a) of the Securities Act provides that "*every person who signed the registration statement*" containing an untrue statement or omission of material fact may be sued and held accountable under the federal securities laws.  15 U.S.C. § 77 k(a) (emphasis added); *see also Fed. Hous. Fin. Agency v. UBS Americas, Inc.*, 858 F. Supp. 2d 306, 330 (S.D.N.Y. 2012), *aff'd*, 712 F.3d 136 (2d Cir. 2013) ("liability under Section 11 is strict and any signer . . . may be liable if the registration statement contained an untrue statement or omission of material fact."); *In re Global Crossing, Ltd. Sec. Litig.*, 319 F. Supp. 348 (S.D.N.Y. 2004) (liability extends to every person who signed the registration statement).

Arias is properly named as a defendant in this lawsuit because she signed the Registration Statement as Qudian's duly authorized United States representative.[2]  *Oh v. Chan*, No. CV0704891, 2008 WL 11338725, at *2 (C.D. Cal. July 9, 2008) (duly authorized representative in the United States may be sued for foreign issuer's violations of the Securities Act).  That signatories to registration statements—including signatories under Section 6(a)—are liable when such registration statements contain untrue statements or omissions of material fact has been the SEC's position for decades.  *See Integrated Disclosure Sys. for Foreign Private Issuers*, Release No. 45 (Nov. 20, 1981), FR 58511-01, at 58 ("Section 6(a) of the Securities Act requires that the

---

[2] As required by Section 6(a), Defendant Arias signed the Registration Statement, stating unambiguously that "[p]ursuant to the Securities Act of 1933, as amended, the undersigned, the duly authorized representative in the United States of Qudian Inc., has signed this registration statement or amendment hereto in New York, New York on October 13, 2017."  Declaration of Jack I. Zwick ("Zwick Decl.")  ¶ 2, Ex. 1.

registration statement of a foreign private issuer be signed by the issuer, its principal executive officer, its principal accounting officer, ***its duly authorized representative in the United States***, and the majority of its board of directors. These persons signing the registration statement are liable for violations of the Securities Act.") (emphasis added).

Arias offers no authority for the proposition that a signatory to a registration statement may not be named as a defendant under the federal securities laws. Nor can Arias counter the well-pled allegation that Arias signed the Registration Statement in connection with Qudian's IPO. Zwick Decl. ¶ 2, Ex. 1. Rather, Arias asserts that she "signed the registration statement only in her professional capacity as 'Senior Manager' at Law Debenture Corporate Services Inc." ("Law Debenture"). Arias Joinder at 2.

This is an unsupported factual contention that is not resolvable on a motion to dismiss. *In re Giant Interactive Grp., Inc. Sec. Litig*., 643 F. Supp. 2d 562, 570 (S.D.N.Y. 2009). And even if this was the time to resolve a factual dispute, neither Arias nor Law Debenture have submitted an affidavit stating that Law Debenture was, in fact, Qudian's duly authorized United States representative, that it signed the Registration Statement under Section 6(a) or what, if any, relationship Law Debenture had with Arias at the time Arias signed the Registration Statement. *See* L.R. 7.1 ("all motions shall include . . . (3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion."); *Peralta v. Peralta*, No. 16-CV-8890, 2018 WL 1384509, at *4 (S.D.N.Y. Mar. 16, 2018), *appeal dismissed* (May 24, 2018) (disregarding counsel's factual allegations made in a memorandum of law since "factual allegations belong in a supporting affidavit"); *Estate of Leventhal ex rel. Bernstein v. Wells Fargo Bank, N.A.*, No. 14 CIV. 8751 ER, 2015 WL

5660945, at *11 n.19 (S.D.N.Y. Sept. 25, 2015) (refusing to consider factual allegations not included in supporting affidavit).

In further avoidance of the facts, the Registration Statement excerpts submitted by Defendants do not include Arias's signature page. *Compare* Blake Decl. Ex. A (ECF No. 144-1), *with* Zwick Decl. ¶ 2, Ex. 1. Arias's unsupported claim that the Registration Statement "makes clear" that Law Debenture was Qudian's duly authorized representative in the United States is simply incorrect. In each of the pages cited (cover, 11 and 85), Law Debenture is only listed as Qudian's "*agent for service of process*," a separate and distinct designation required by registrants using SEC Form F-1 (the form Qudian used in connection with its IPO).[3] Only Arias was identified as Qudian's duly authorized United States representative. And the Registration Statement does not identify Law Debenture's affiliation with Arias in any capacity whatsoever.

Arias raises the possibility that Law Debenture might properly be added as a defendant. Discovery may confirm as much. But Defendants have not moved to add Law Debenture as a party, and the possibility that Law Debenture *could be* a party in the future does not alter the analysis on this motion.[4]

---

[3] The cover, which is the Form F-1 filing itself, to which the prospectus is attached, together comprising the registration statement, contains a field for the name, address and telephone number of "agent for service of process." It lists Law Debenture Corporate Services Inc. together with the required contact information. On page 8, the Registration Statement states: "Our agent for service of process in the United States is Law Debenture Corporate Services Inc., located at 400 Madison Avenue, 4th floor New York, NY 10017." Similarly, page 85 the Registration Statement states: "We have appointed Law Debenture Corporate Services Inc. as our agent to receive service of process with respect to any action brought against us in the United States District Court for the Southern District of New York."

[4] Faced with these facts and no legal authority whatsoever to support her position, Arias retreats to case law from 1879 concerning general principals of contract law. This law is inapplicable where specific federal statutory requirements and rules govern the registration of securities. Even if these state law principles were applicable— which they are not—the Registration Statement contains absolutely no identification of any relationship between Arias as agent and Law Debenture as principal, or anything contrary to the disclosure of Law Debenture's limited role as nothing other than Qudian's agent for service of process. Nor does it matter whether Arias "agree[d] to be

### III.   ARIAS CANNOT ESCAPE LIABILITY UNDER § 12(A)(2) AT THE PLEADING STAGE

Arias also seeks summary dismissal of the Section 12(a)(2) claim pled against her.  Arias acknowledges, as she must, that under *Pinter v. Dahl*, 486 U.S. 622 (1988), "seller" liability under Plaintiffs' Section 12(a)(2) claim includes not only those who pass title of securities but also those who solicit for financial gain the sale of securities.  But Arias asserts that her "execution of the Registration Statement on behalf of Law Debenture cannot constitute active solicitation as a matter of law."  Arias Joinder at 2.

Arias is wrong.  At the pleading stage, an allegation that a defendant signed a registration statement is sufficient to show solicitation.  *In re Steed Finance LDC v. Nomura Secs Int'l.*, No. 00-CIV-8058, 2001 WL1111508, at *7 (S.D.N.Y. Sept. 20, 2001); *Briarwood Investments Inc. v. Care Inv. Tr. Inc.*, No. 07 CIV. 8159LLS, 2009 WL 536517, at *4 (S.D.N.Y. Mar. 4, 2009); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 352 F. Supp. 2d 429, 454 (S.D.N.Y. 2005); *Degulis v. LXR Biotechnology, Inc.*, 928 F. Supp. 1301, 1316 (S.D.N.Y. 1996) (allegation sufficient at pleading stage to permit plaintiffs to present evidence that, alone or in tandem with other acts, the signatures constitute active solicitation); *but see Citiline Holdings, Inc. v. iStar Fin. Inc.*, 701 F. Supp. 2d 506, 512 (S.D.N.Y. 2010) (noting that courts in the Southern District of New York have frequently held that signing itself constitutes solicitation, but noting disagreement of the First, Third, and Fifth Circuits, and holding that section 12 does not impose liability on every signer); *In re Infonet Servs. Corp. Sec. Litig*, 310 F. Supp. 2d 1080, 1101-02 (C.D. Cal. 2003) (noting split in authority and holding that signing is not sufficient for Section 12).

---

personally liable."  Arias Joinder at 2.  Liability under Section 11(a) is imposed by law, not by the preferences of a registration statement's signatory.

5

Arias signed Qudian's Registration Statement. Without Arias's signature, an indispensable requirement under Section 6(a) along with the signatures of Qudian's highest ranking officers and directors, Qudian could not have registered its securities in the United States, or conducted its IPO. Thus, Arias is properly named defendant under Section 12(a)(2).

## IV. CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court deny the Defendants' Motion to Dismiss and the Arias Joinder.

Respectfully submitted,

Dated: December 7, 2018    **GLANCY PRONGAY & MURRAY LLP**

By: *s/ Joseph D. Cohen*
Joseph D. Cohen
Jonathan M. Rotter
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
jcohen@glancylaw.com
jrotter@glancylaw.com

*Co-Lead Counsel for Plaintiffs*

**JACK I. ZWICK**
Jack I. Zwick (JZ-2514)
225 Broadway, Suite 1440
New York, New York 10007
Telephone: (212) 385-1900
Facsimile: (212) 385-1911
jack@zwickfirm.com

*Co-Lead Counsel for Plaintiffs*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On December 7, 2018, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 7, 2018.


*s/ Joseph D. Cohen*
Joseph D. Cohen