# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| KATHERINE WANDEL, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:20-cv-03259-PAC |
| Plaintiff, | : | |
| vs. | : | |
| JING GAO, DEREK BOYANG SHEN, YAN CUI, WENBIAO LI, ERHAI LIU, XIAN CHEN, WILLIAM WANG, GANG JI, EDWIN FUNG, JIANPING YE, JASON ZHENG ZHANG, CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, J.P. MORGAN SECURITIES LLC, TIGER BROKERS (NZ) LIMITED, US TIGER SECURITIES, INC., COGENCY GLOBAL INC., RICHARD ARTHUR and PHOENIX TREE HOLDINGS LIMITED, | : | |
| Defendants. | : | |

**THE COGENCY DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR JOINDER IN THE UNDERWRITER DEFENDANTS' <u>MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT</u>**

K&L GATES LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 536-3900

*Attorneys for Defendants*
*Cogency Global Inc. and Richard Arthur*

Defendants Cogency Global Inc. and Richard Arthur (together, the "Cogency Defendants"), by and through their undersigned counsel, submit this memorandum of law in further support of their motion to join the Motion to Dismiss the Amended Class Action Complaint (the "Motion to Dismiss") filed by Defendants Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, J.P. Morgan Securities LLC, Tiger Brokers (NZ) Limited, and US Tiger Securities, Inc. (collectively, the "Underwriter Defendants") on May 3, 2021 (the "Joinder Motion").  The Cogency Defendants expressly join in, adopt and incorporate by reference herein all of the arguments and authorities set forth in the Underwriter Defendants' Reply Memorandum of Law in Further Support of their Motion to Dismiss.

In their Joinder Motion, the Cogency Defendants argued that (1) the claims asserted against Mr. Arthur should be dismissed because he signed the Registration Statement in his capacity as an employee of Cogency Global, and (2) the Section 12(a)(2) claim against the Cogency Defendants had not pled any facts demonstrating that they were "statutory sellers" subject to Section 12(a)(2) liability.  In its response brief, Plaintiff raises arguments that miss the mark entirely.

*First*, Plaintiff heavily relies upon *In re Qudian Inc. Securities Litigation* for the proposition that Mr. Arthur can be held liable in his personal capacity for signing the Registration Statement, claiming that the court in *Qudian* denied a motion to dismiss from the employee of a duly authorized representative for reasons "most of which are equally applicable here."  Response Br., p. 6 (citing 17-CV-9741 (JMF), 2019 WL 4735376 (S.D.N.Y. Sept. 27, 2019)).[1]  Contrary to Plaintiff's claim, *Qudian* is readily distinguishable from the instant case.

---

[1]    Plaintiff also argues that the Cogency Defendants' argument would mean that "an officer who signs offering materials could always escape liability merely because he or she is the issuer's employee," but this is a complete misrepresentation of the Cogency Defendants' position.  Resp. Br., p. 6.  As Plaintiff conceded in its Amended Complaint, Mr. Arthur is not a director or senior officer of Phoenix and is therefore not a "control person"

There, the plaintiff only brought suit against the individual signer (Diana Arias) of the duly authorized representative (Law Debenture), and did not also name Law Debenture itself as a defendant.  *See In re Qudian Sec. Litig.*, 17-CV-9741 (JMF), ECF No. 134 (Second Amended Complaint).  Further, the plaintiff did not allege that Ms. Arias signed the Qudian registration statement in her capacity as a representative of Law Debenture.  *Id.* ¶ 26 ("Defendant Diana Arias ("Arias") signed the Registration Statement as the authorized representative in the United States for Qudian at the time of the IPO.")  Finally, the Form F-1 Ms. Arias signed makes no mention whatsoever of Law Debenture.  *See* Declaration of Joseph Russello in Opposition to the Cogency Defendants' Joinder and Motion to Dismiss ("Russello Decl.") ¶ 8, Exhibit D at II-8 (identifying Ms. Arias as Qudian's authorized representative in the United States pursuant to the Securities Act of 1933 without any reference to Law Debenture).

Here, by contrast, Plaintiff has named both Cogency Global and Mr. Arthur as defendants.  Further, Plaintiff has explicitly alleged that Mr. Arthur signed the Registration Statement in his capacity as a Cogency Global employee.  Am. Compl. ¶ 26 ("Defendant Richard Arthur ("Arthur"), Assistant Secretary of Cogency Global, signed the Offering Materials as an employee of Cogency Global.").  Finally, when Mr. Arthur signed the Registration Statement, his signature explicitly referenced Cogency Global.  Diakos Decl., Ex. A at II-10.  Accordingly,

---

of Phoenix.  His position is clearly distinct from that of a director of a company who signs the company's registration statement.  Indeed, all of the cases Plaintiff cited in support of its argument that Mr. Arthur was a control person involve defendants who were officers or directors of the company for whom they signed a registration statement.  *Federal Housing Finance Agency v. Nomura Holding America, Inc.*, 104 F. Supp. 3d 441, 580 (S.D.N.Y. 2015) ("All five Individual Defendants were officers and/or directors of some combination of the primary violators; Nomura Securities, NAAC, and NHELI."); *In re WorldCom, Inc. Sec. Litig.*, 294 F. Supp. 2d 392, 419 (S.D.N.Y. 2003) (stating that "Director Defendants" disputed control person liability"); *In re Philip Servs. Corp. Sec. Litig.*, 383 F. Supp. 2d 463, 485 (S.D.N.Y. 2004) (referring to defendants' "status as directors" of Philip Services Corporation); *Fed. Hous. Fin. Agency v. Merrill Lynch & Co.*, 903 F. Supp. 2d 274, 278 (S.D.N.Y. 2012) (noting that defendant disputing control person liability signed registration statement as "Treasurer"); *Haw. Structural Ironworkers Pension Tr. Fund v. AMC Entm't Holdings, Inc.*, 422 F. Supp. 3d 821, 858 (S.D.N.Y. 2019) (noting that defendants were corporate officers).  Plaintiff failed to cite any cases involving employees of duly authorized representatives.

the facts in *Qudian* are distinguishable from those at issue here because it is clear from the face of Form F-1 itself that Mr. Arthur, unlike Ms. Arias, was signing solely in his capacity as an employee of a duly authorized representative rather than in his individual capacity.

*Second*, with respect to its Section 12(a)(2) claim, Plaintiff relies almost entirely on a number of pre-2010 cases for the proposition that a mere signature of the registration statement is sufficient to deem a party a "statutory seller."  As addressed in the Cogency Defendants' Joinder Motion, however, since 2010, courts in the Southern District of New York have repeatedly held that a signature is not sufficient on its own.  *See* Joinder Motion, pp. 2-3.

Recognizing this, Plaintiff notes that some courts require allegations that a defendant "engaged in some aspect of marketing or promoting the offered securities."  Resp. Br., p. 10. The Amended Complaint is devoid of any such factual allegations regarding specific steps the Cogency Defendants took to solicit the sale of shares to anyone or how such actions would benefit the Cogency Defendants.  Instead, Plaintiff only alleges, in conclusory fashion, that the Cogency Defendants "participated in the solicitation and sale of ADS to investors in the IPO for their own benefit and the benefit of Phoenix" and that they "promoted and sold, for the benefit of themselves and their associates, ADS to Plaintiff and other members of the class."  Am. Compl. ¶ 27, 180.  This is insufficient.  *See Emerson v. Mutual Fund Series Trust*, 393 F. Supp. 3d 220, 259-60 (E.D.N.Y. 2019) (holding that allegation that "Catalyst Advisors', the Individual Defendants' and the Distributor's actions of solicitation included participating in the preparation of the false and misleading Prospectuses and participating in marketing the shares of the Fund to investors" was "a vague and conclusory allegation [that] is plainly insufficient" to demonstrate that defendants were statutory sellers).

Aware that her conclusory allegations will not suffice, Plaintiff resorts to two last-ditch arguments. First, Plaintiff claims that the IPO could not have occurred without the Cogency Defendants, but provides no case law to support the claim that this is sufficient to render a defendant a statutory seller. Next, Plaintiff engages in blind speculation, noting the mundane fact that Cogency Global along with some other defendants and the New York Stock Exchange are located in New York City, and claiming that this leads to a supposed "distinct probability that the Cogency Defendants participated in soliciting IPO investors in the U.S." Resp. Br., p. 10. Such allegations appear nowhere in the Amended Complaint and should be disregarded for that reason alone. *Emerson*, 393 F. Supp. 3d at 260 (refusing to consider additional facts alleged in support of claim that defendants were statutory sellers where such allegations were not contained in the Amended Complaint). Moreover, Plaintiff's own language makes clear that Cogency Global's alleged involvement is purely speculative rather than being based upon factual allegations. The Court should disregard Plaintiff's speculative theories entirely. *Id.* at 259 ("Plaintiffs must allege *facts* amounting to active solicitation beyond signing the registration statements.") (emphasis added).

## CONCLUSION

For all of these reasons and those set forth in the Underwriter Defendants' Motion to Dismiss, the Cogency Defendants respectfully request that the Amended Complaint be dismissed with prejudice.

Dated:  August 2, 2021

Respectfully submitted,

K&L GATES LLP

By: /s/ *Joanna A. Diakos*

   Joanna A. Diakos, Esq.
   K&L Gates LLP
   599 Lexington Avenue
   New York, New York 10022
   Tel.:  (212) 536-3900
   Fax:  (212) 536-3901
   Email:  joanna.diakos@klgates.com

*Attorneys for Defendants Cogency Global*
*Inc. and Richard Arthur*