UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                              :

KATHERINE WANDEL, Individually and on     :
Behalf of All Others Similarly Situated,
                              :

                *Plaintiff,*     :

        *-against-*           :

                              :

                              :       1:20-cv-03259 (PAC)
JING GAO, DEREK BOYANG SHEN, YAN CUI, :
WENBIAO LI, ERHAI LIU, XIAN CHEN,    :      **ORDER & OPINION**
WILLIAM WANG, GANG JI, EDWIN FUNG,  :
JIANPING YE, JASON ZHENG ZHANG,     :
CITIGROUP GLOBAL MARKETS INC.,     :
CREDIT SUISSE SECURITIES (USA) LLC,   :
J.P. MORGAN SECURITIES LLC, TIGER    :
BROKERS (NZ) LIMITED, US TIGER       :
SECURITIES, INC., COGENCY GLOBAL INC., :
RICHARD ARTHUR and PHOENIX TREE   :
HOLDINGS LIMITED,               :

                              :

             *Defendants.*   :
------------------------------------------------------------------x

       A certificate of default was entered against Defendant Wenbiao Li after he failed to respond to the Complaint in this securities action. Li has now appeared and moves to vacate the default. He argues he was never properly served and that the Court therefore lacks jurisdiction over him, or alternatively, that good cause exists to vacate. Lead Plaintiff Gerald L. Kirkpatrick and Plaintiff Katherine Wandel (together, "Plaintiffs") oppose Li's motion, arguing service was proper and that there is no good cause to vacate the default. For the reasons stated below, the Court **GRANTS** Li's motion and **VACATES** the default entered against him.

1

## BACKGROUND

On April 24, 2020, Plaintiff Katherine Wandel filed a Complaint alleging violations of the Securities Act of 1933 against Phoenix Tree Holdings Limited ("Phoenix Tree"), several of its officers and directors, various underwriters, and others in connection with Phoenix Tree's Initial Public Offering. *See generally* Compl., ECF No. 1. The Complaint alleges Wenbiao Li was one of Phoenix Tree's directors during the Initial Public Offering. *See id.* ¶ 15.

In late December 2020, Plaintiffs purportedly served Li with the Complaint. *See* Affidavit of Service, ECF No. 31. The process server attempted to serve Li at a residence in Fremont, California (the "California Address") on five different dates that month. *See id.* at 4. No one answered the door on the first four attempts. *See id.* On the fifth attempt, the process server left the documents with a "Jane Doe" female around 70 years old. *See id.*

Meanwhile, on January 15, 2021, Plaintiffs filed an Amended Complaint. *See* Amend. Compl., ECF No. 32. The defendants who had appeared in the case moved to dismiss the Amended Complaint. *See* Underwriters' Mot. Dismiss, ECF No. 56; Cogency Defendants' Joinder in Mot. Dismiss, ECF No. 61. Li, however, never appeared or responded to the Complaint or the Amended Complaint, and on May 24, 2021, Plaintiffs obtained a certificate of default against Li. *See* Clerk's Certificate of Default, ECF No. 67.

Less than two weeks later, on June 4, 2021, Li filed this motion to vacate the default. *See* Def.'s Mot. Vacate Default, ECF No. 69. He also filed a declaration stating he was never served at the California Address. *See* Declaration of Wenbiao Li ("Li Decl.") ¶ 5, ECF No. 70. In fact, he maintains he has not been to, let alone lived at, the California Address for the past 12 years—rather, he lives in China. *See id.* ¶¶ 6–7, 9. Li claims the residence at the California Address is owned by his ex-wife, whom he divorced in 2007. *See id.* ¶¶ 8, 10; Ex. A (judgment of divorce).

He asserts he deeded all his interest in the property to his ex-wife in 2011. *See id.* ¶ 10; Ex. B (the "Grant Deed" of property in Fremont, California). Li "does not know for certain" whether property records continue to list him as a co-owner of the California Address because his ex-wife "may have forgotten to file" the Grant Deed relinquishing his interest in the property. *Id.* ¶ 12.

## DISCUSSION

### I.    Defective Service Compels the Court to Vacate the Default

When a defendant fails to answer or otherwise defend with respect to a Complaint, the clerk of court is to enter a default, upon the plaintiff's request. Fed. R. Civ. P. 55(a). This entry of default is a distinct step from the later entry of default judgment, which has not yet occurred in this case. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011).

A default judgment, or by extension an entry of default, "obtained by way of defective service is void *ab initio* and must be set aside as a matter of law." *Voice Tele Servs., Inc. v. Zee Telecoms Ltd.*, 338 F.R.D. 200, 202 (S.D.N.Y. 2021) (quoting *Howard Johnson Intern., Inc. v. Wang*, 7 F. Supp. 2d 336, 339 (S.D.N.Y. 1998)). This is because a Court must have personal jurisdiction over a defendant to enter a default judgment; and personal jurisdiction, in turn, requires proper service of process. *See Lian Qing Yu v. 58 Asian Corp.*, No. 16 Civ. 7590 (AJN), 2018 WL 1415214, at *1 (S.D.N.Y. Mar. 20, 2018). Under the Federal Rules of Civil Procedure, an individual may be served by (1) personally delivering to the individual a copy of the summons and complaint; (2) leaving those documents at the individual's "dwelling or usual place of abode with someone of suitable age and discretion who resides there"; (3) delivering those documents to an agent authorized to receive service of process; or (4) in a manner authorized by state law.

Fed. R. Civ. P. 4(e).[1]  Courts have "no judicial discretion when considering a jurisdictional question such as the sufficiency of process," but "when confronted with equally reliable but conflicting accounts, courts should resolve any doubts in favor of the party seeking relief." *Am. Inst. Of Certified Pub. Accountants v. Affinity Card, Inc.*, 8 F. Supp. 2d 372, 375–76 (S.D.N.Y. 1998) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and *Sony Corp. v. Elm State Elec., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986)).

Here, Li contends the default must be vacated because he was never served with process, thus the Court never obtained personal jurisdiction over him.  *See* Def.'s Mem. Supp. Mot. Vacate Default ("Def.'s Mem.") 4, ECF No. 71.  Under New York law, "a process server's affidavit of service establishes a prima facie case of the account of the method of service . . . ." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002).  Plaintiffs filed an affidavit confirming process was served on the California Address by service on the "Jane Doe" who answered the door as a co-occupant of Li's residence.  This creates the presumption that substituted service on Li was proper.

"A defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service . . . ." *Old Republic*, 301 F.3d at 57.  Li has submitted a sworn refutation of service.  *See* Li Decl. ¶ 5 ("I do not know to whom [the process server] served the papers.  I, however, was not served with any papers in connection with this case.").  Moreover, he claims he did not reside at the California Address at the time of service; rather, he lived in another country.  To support his refutation, Li also submitted his divorce decree and a Grant Deed that purportedly disclaimed any ownership of an address in Fremont, California years ago.

---

[1] Under option (4), the state rules (as relevant here) largely track the federal rules.  New York and California both require substituted service to be at the individual's actual dwelling, abode, place of business, or for California only, the individual's usual mailing address.  See N.Y. C.P.L.R. § 308(2); Cal. Code Civ. Proc. § 415.20.

4

Despite Li's sworn statement,[2] Plaintiffs maintain that service was still valid on the California Address.    Plaintiffs contend that property records indicated Li co-owned the California Address, so service on a competent adult at that house would be valid.  *See* Plaintiffs' Mem. Opp'n Mot. Vacate Default ("Pls.' Opp'n.") 1, ECF No. 72.  They also observe the Grant Deed is missing an attachment describing the home's exact address (although it does confirm the property is somewhere in Fremont, California).  *See id.* at 1, 4–5.  They further note that Li paid mortgage on the California Address until 2013, suggesting Li "never vacated" the property even after he deeded it to his ex-wife.  *See id.*

At this stage of the proceedings, these discrepancies in Li's story do not overcome his sworn contention that he no longer resided at the California Address when service was effectuated.    The Grant Deed was executed at the United States Embassy in China, which suggests Li had moved away from California permanently.   The "unknown identity of the woman who allegedly received the summonses" creates additional doubt that Li resided at the

---

[2] Given these conflicting accounts of service, Plaintiffs contend that discovery and an evidentiary hearing are required to determine the sufficiency of the service on the California Address.  *See* Pls.' Opp'n at 9.  In support of their request, Plaintiffs cite *Old Republic*, where the Second Circuit stated that in the context of New York law, a defendant's sworn denial of service "necessitates" an evidentiary hearing. 301 F.3d at 57.

The Court disagrees with Plaintiffs' overly broad reading.  Instead, the Court reads *Old Republic* to require an evidentiary hearing only if the Court were going to impose a default *despite* Li's sworn denial of service.  Courts in the Southern District frequently rely on the *Old Republic* framework while still vacating a default without an evidentiary hearing, in light of a defendant's sworn denial of service.  *See Caleb & Brown Pty. Ltd. v. Thompson*, No. 20 Civ. 8612 (LAP), 2021 WL 4226183, at *3 n.7 (S.D.N.Y. Sept. 16, 2021); *Crawford v. Nails on 7th By Jenny Inc.*, No. 18 Civ. 9849 (ER), 2020 WL 564059, at *3 (S.D.N.Y. Feb. 5, 2020); *Golomb Mercantile Co. LLC v. Marks Paneth LLP*, 18 Civ. 3845 (JFK), 2019 WL 6790678, at *5 (S.D.N.Y. Dec. 12, 2019).  The Court believes this is the most sensible reading of *Old Republic* given that defaults are highly disfavored, so an evidentiary hearing would help ensure a court did not impose the "last . . . resort" remedy of a default judgment over a defendant's legitimate procedural objection.  *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981).  Because the Court here does the opposite and vacates the default against Li, it determines an evidentiary hearing is not required at this stage.

California Address when Plaintiffs attempted to serve him. *Lian Qing Yu*, 2018 WL 1415214 at *2. Li swore in his declaration that the description of the woman served—supposedly around 70 years old—did not resemble his ex-wife. *See* Li Decl. ¶ 11. Finally, the mere fact that Li made mortgage payments for the California Address is far from dispositive as to his actual residence there. Such payments do not necessarily imply an intent to dwell at the mortgaged property.[3] And in any event, Li claims he stopped paying the mortgage for the California Address at least six years before service was attempted.

In the end, the Court need not resolve every doubt about whether Li resided at the California Address. It need only conclude that Li has adequately challenged the propriety of the service on that address by providing a conflicting, but plausible, version of events. *See Caleb & Brown Pty. Ltd. v. Thompson*, No. 20 Civ. 8612 (LAP), 2021 WL 4226183, at *3 (S.D.N.Y. Sept. 16, 2021); *Golomb Mercantile Co. LLC v. Marks Paneth LLP*, No. 18 Civ. 3845, 2019 WL 6790678, at *5 (S.D.N.Y. Dec. 12, 2019). Crediting (for now) Li's sworn statement that he never received service because he lives in China, the Court finds Li has adequately challenged the propriety of service at the California Address. This provides an independent justification to vacate the entry of default against him.

---

[3] Plaintiffs rely on *Polygram Merch., Inc. v. New York Wholesale Co.* to argue that a defendant can have multiple residences where service would be proper. No. 97 Civ. 6489 (HB), 2000 WL 23287, at *3 (S.D.N.Y. Jan. 13, 2000), *aff'd sub nom. Polygram Merch., Inc. v. Wu-Wear, Inc.*, 242 F.3d 367 (2d Cir. 2000). The *Polygram Merch.* court noted that "the 'permanence' a person enjoys at one residence is not lessened by the fact that he or she enjoys permanence elsewhere." *Id.* at *2. But it went on to note all the "badges of permanence" in that case, including a renewed driver's license, vehicle registration, and bank account all connected to the apartment where service was made. *Id.* at *3. By contrast here, Plaintiffs have not identified any "badges of permanence" connecting Li to the California Address besides mortgage payments that ended years ago.

## II.    Good Cause Also Compels the Court to Vacate the Default

"Independent of the issues with service," the Court finds a second reason to vacate the default against Li. *Caleb & Brown*, 2021 WL 4226183 at *3. A court may set aside an entry of default under Federal Rule of Civil Procedure 55(c) if it finds "good cause" to do so. *Enron Oil*, 10 F.3d at 96. When evaluating good cause, Courts look to three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id.* The Court has broad discretion to find good cause and generally resolves doubt in favor of vacatur so the matter may be decided on the merits. *See id.* at 95 (reviewing under an abuse of discretion standard).

In this case, the Court finds the *Enron Oil* good cause factors weigh in favor of vacating the entry of default under Rule 55(c), even if service on Li had been proper.

*First*, Li's default was not willful. Courts typically decline to set aside a default when the defendant defaulted willfully. *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991). However, willful default requires "conduct that is more than merely negligent or careless." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). One key indicator of willfulness is how the defendant acted after learning "of the existence of the litigation or entry of default." *Parisienne v. Heykorean, Inc.*, No. 19 Civ. 2257 (VSB), 2019 WL 6324632, at *2 (S.D.N.Y. Nov. 26, 2019) (citation omitted). For example, "a defendant's prompt application for a motion to set aside an entry of default suggests that the default was not willful." *Johnson v. New York Univ.*, 324 F.R.D. 65, 70 (S.D.N.Y. 2018), *aff'd*, 800 F. App'x 18 (2d Cir. 2020).

Li's declaration does not say when he learned of this lawsuit; it only states he "recently learned" of the entry of default. Li Decl. ¶ 2. Plaintiffs, on the other hand, point to Li's role as a director of Phoenix Tree, as well as the publicity surrounding this lawsuit, as data points

suggesting Li "most certainly" knew of the claims against him and his company before he defaulted. *See* Pls.' Opp'n at 2, 5–6; Declaration of Joseph Russello, Ex. B., ECF No. 73-2 (providing examples of media coverage of this lawsuit). But Plaintiffs only speculate about Li's actual knowledge; they provide no evidence that Phoenix Tree informed its directors of this lawsuit, nor that Li actually observed any of the publicity surrounding this suit. The Court is thus left with ambiguity that, under Rule 55(c), it must resolve in the defaulting party's favor: it concludes, for purposes of this motion, that Li did not know of the lawsuit prior to the default. *See Berrocal v. Sheet Music Now, Inc.*, No. 19 Civ. 5123 (ALC), 2020 WL 4570339, at \*2 (S.D.N.Y. Aug. 7, 2020); *Haywood v. City of New York*, No. 12 Civ. 6566 (PAC), 2014 WL 241078, at \*2 (S.D.N.Y. Jan. 21, 2014). More fundamentally, Li's prompt motion to set aside the default—filed less than two weeks after its entry—strongly suggests he did not default willfully.

*Second*, there is little indication that vacating the default would create prejudice at this early stage of the case. Li's delay in responding to the Complaint will not "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Haley v. Weinstein*, No. 20 Civ. 9109 (JPC), 2021 WL 707074, at \*2 (S.D.N.Y. Feb. 22, 2021) (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). Plaintiffs do not allege that vacating the default would create any of these problems, as motions to dismiss are still pending and discovery has not begun. Rather, Plaintiffs contend that serving Li in China following vacatur "would considerably delay this case while unnecessarily imposing additional expense . . . with no guarantee service will be timely or successful." Pls.' Opp'n at 8. But "delay standing alone does not establish prejudice sufficient to defeat a motion to vacate a default." *Enron Oil*, 10 F.3d at 98. This is especially true where, as here, the delay attributable

to Li has been minimal. *See Caleb & Brown*, 2021 WL 4226183 at *4 ("[I]t would be almost impossible to establish prejudice where the defaulting party filed an appearance with the Court less than one month after the non-defaulting party filed its motion for a default judgment.") (cleaned up).

*Third*, Li has presented potential meritorious defenses. "A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil*, 10 F.3d at 98 (internal citations omitted).

Li's offered defenses clear this "low threshold." *Parisienne*, 2019 WL 6324632 at *3 (quoting *Johnson*, 324 F.R.D. at 72). He apparently intends to join at least some of the defenses asserted by other defendants in the pending motions to dismiss—for example, that Plaintiffs have failed to allege an actionable misstatement or admission because the defendants could not have predicted the course of the COVID-19 pandemic. *See* Def.'s Mem. at 9; *see also* Underwriters' Mem. Supp. Mot. Dismiss, ECF No. 57; Cogency Defendants' Joinder in Mot. Dismiss, ECF No. 61. Furthermore, Li has alleged facts in this motion that might support dismissing the claims against him for lack of personal jurisdiction. These offered defenses go beyond mere conclusory denials of the allegations. *See New York v. Green*, 420 F.3d 99, 109–10 (2d Cir. 2005).

Given the *Enron Oil* factors all weigh in Li's favor—and given the Second Circuit's "preference for resolving disputes on the merits"—the Court finds good cause to vacate the default and allow Li to answer the allegations against him. *Enron Oil*, 10 F.3d at 95.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Defendant Wenbiao Li's motion to vacate the entry of default against him.  The Clerk of Court is directed to vacate the entry of default at ECF No. 67.


Dated: New York, New York          SO ORDERED
       January 6 , 2022

HONORABLE PAUL A. CROTTY
United States District Judge